# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. **'16 - CV - 0 1 7 9 2**

(To be supplied by the court)

Gabriel B. Atsepoyi,

Plaintiff,

v.

Spear Security INC

Defendant.

---

## TITLE VII COMPLAINT

---

### PARTIES

1. Plaintiff _Gabriel B Atsepoyi_ is a citizen of _Colorado_ who presently resides at the following address: _1300 S. Willow street Denver CO 80247_

2. Defendant _Spear security INC_ lives at or is located at the following address: _2180 E. 68th ave Denver CO 80229_

Attach a separate page, if necessary, to list additional parties.

### JURISDICTION

3. Jurisdiction is asserted pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5.

4. Defendant is an employer within the meaning of Title VII.

5. The alleged unlawful employment practices took place at the following location: _2180 E. 68th ave Denver CO 80229_

6. Jurisdiction also is asserted pursuant to the following statutory authority: _Diversity, et al_

(Rev. 07/06)

**ADMINISTRATIVE PROCEDURES**

7.    Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission or other appropriate administrative agency on ___6/17/16___ (date) regarding the alleged discriminatory conduct by Defendant(s).

8.    Plaintiff received from the Equal Employment Opportunity Commission or other appropriate administrative agency a Notice of Right to Sue the Defendant(s) on ___7/13/16___ (date).  (Please attach to the complaint a copy of the Notice of Right to Sue.)

## NATURE OF THE CASE

9.    Defendant has discriminated against Plaintiff because of the following: (please check all that apply)

___✓___ Race          ___✓___ Color          ___✓___ Religion

___✓___ Sex          ___✓___ National Origin

_____ Other (please specify) _____

10.   Defendant has discriminated against Plaintiff because of the following: (please check all that apply)

_____ Failure to hire

_____ Failure to promote

___✓___ Demotion/discharge from employment

_____ Other (please specify) ___Please see Typed Complaint___

(Rev 07/06)                                         2

## FIRST CLAIM FOR RELIEF
## AND SUPPORTING FACTUAL ALLEGATIONS

(Please number your paragraphs and attach any necessary additional pages.
Alternatively, you may attach to the complaint a copy of the charge of discrimination
you submitted to the Equal Employment Opportunity Commission.)

Please See typed Complaint
and Supporting FACTS enclosed

## SECOND CLAIM FOR RELIEF
## AND SUPPORTING FACTUAL ALLEGATIONS
(Please number your paragraphs and attach any necessary additional pages.)

Please See typed Complaint
and Supporting FACTS enclosed

(Rev. 07/06)                                              4

## THIRD CLAIM FOR RELIEF
## AND SUPPORTING FACTUAL ALLEGATIONS
(Please number your paragraphs and attach any necessary additional pages.)

Please see typed Complaint
and Supporting FACTS enclosed

**REQUEST FOR RELIEF**

Plaintiff requests the following relief:

about 2 years lost wages, plus reasonable sum for INJUSTICE meted to the Plaintiff by the Defendant. Plaintiff is open for PEACEFUL SETTLEMENT AS SOON AS POSSIBLE, TO AVOID COSTS, etc. Plaintiff asks for a JURY TRIAL.

Date: 7/14/2016

_____
(Plaintiff's Original Signature)

1300 S. Willow St.
_____
(Street Address)

Denver CO 80247
_____
(City, State, ZIP)

720 980 6157
_____
(Telephone Number)

(Rev. 07/06)                                6

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLORADO

Case Number_____

Gabriel B. Atsepoyi (Plaintiff) 1300 South Willow Street, 6-103, Denver, CO. 80247

v.

Spear Security Inc., (Defendant) 2180 E. 68th Ave, Denver, CO. 80229

---

## COMPLAINT

---

Plaintiff, *pro se,* a disabled veteran of the US Army, who served HONORABLY, states as follows:

1. JURISDICTION: That, jurisdiction is proper in this Court because the Defendant is a Colorado Corporation, and the Plaintiff resides in Colorado for many years hitherto.
2. NOTICE OF SUIT RIGHTS: was issued by the EEOC on 7/13/2016, copy enclosed
3. FACTS: That, on or about April 15, 2014, the Plaintiff was employed by the Defendant in Denver, Colorado. On, or about, May 15, 2014, the Defendant's operation's manager, Mr. Jason Stibley, refused to to give a pay check which the Plaintiff had earned, until and unless the Plaintiff signed a document resigning his employment with the Defendant. The Plaintiff was bullied by Mr. Stibley, who harassed, cursed at the Plaintiff, threatened the Plaintiff, called the Plaintiff an "asshole..." and subjected the Plaintiff to the worst inhuman treatment ever imagined. After about one hour of degradation, intentional infliction of mental suffering and defamation by the Defendant, the Plaintiff signed the document and was forced out, before his pay check was given to him. The FACTS argued before Colorado Department of Labor which the Plaintiff won, are enclosed herewith.
4. RESOLUTION/PEACEFUL SETTLEMENT: The Plaintiff is a peace-loving person, and is willing to resolve this matter peacefully as soon as his loss wages for the past two years are paid, plus, reasonable sum for the injustice he was subjected to. The Plaintiff is open for negotiation and quick disposition and dismissal of this case.
5. WHEREFORE: Plaintiff asks for JUSTICE and for a JURY TRIAL. Respectfully submitted this 4th day of July, 2016, by Gabriel B. Atsepoyi. **Phone:** 720 980 6157. **Email:** atsepoyi@hotmail.com

7/14/16

# HEARING OFFICER'S DECISION

**Colorado Department of Labor and Employment**
Division of Unemployment Insurance
U.I. Appeals Section, P.O. Box 8988
Denver, CO 80201-8988
303-318-9299 or 1-800-405-2338



Social Security: XXX-XX-7085
Docket Number: 1498-2015
BYB Date: 12/21/2014
Dep Decision: 01/15/2015
Date Of Appeal: 01/23/2015
Appellant: Claimant
Employer No: 467261004
Letter Series: 100110
Code: A

**DATE MAILED: March 3, 2015**

GABRIEL ATSEPOYI
3741 N RACE ST
DENVER, CO 80205

SPEAR SECURITY INC
C/O SPEAR SECURITY INC
2180 E 68TH AVE
DENVER, CO 80229

---

**STATEMENT OF THE CASE:** The claimant appeared in person. Jason Stibley, Operations Manager, and Gina Rogers, Office Manager, appeared by telephone for the employer. Hearing Officer Gibson held the hearing on February 12, 2015 in Denver, Colorado.

The hearing officer held the hearing because the claimant appealed the decision issued by a deputy of the Division of Unemployment Insurance. The deputy disqualified the claimant from entitlement to unemployment insurance benefits pursuant to Section 8-73-108 (5)(e)(XXII) C.R.S.

The hearing officer must determine whether the claimant is entitled to unemployment insurance benefits, under Colorado law, based on the cause of the separation from employment. The hearing officer reverses the deputy's decision based on the findings and conclusion stated below.

**FINDINGS OF FACT:** The claimant worked full time as a Security Guard for this employer from April 7 to May 7, 2014. At the time of separation the claimant's rate of pay was $9.25 per hour and his supervisor was Patrick Lowery.

The claimant quit because he needed to return to Africa to rescue his family from a war, but believed that the employer required him to make a choice between that trip and filing a worker's compensation claim.

Sometime between April 7 and May 1, 2014, the claimant notified the employer that he would be quitting at an unspecified future date to go to Africa. The claimant is from a country where there is currently war, and he needed to return home to rescue members of his family and friends. Mr. Lowery told the claimant that because he was a relatively new employee he would have to quit in order to make that trip, but that the employer would hold his job open for him and he could return to work when he came back to America.

On May 1, 2014, the claimant was injured at work. He reported the injury immediately and visited a private physician. The claimant did not file a worker's compensation claim at that time. The claimant continued to

---

*Notice of Appeal Rights Follows Decision*

GABRIEL  ATSEPOYI                                   2                        SPEAR SECURITY INC
                                                                                        1498-2015

---

work until May 7, 2014. The following day he saw a private physician who told him that he was unable to work due to his injuries, but also told him not leave the country for an extended period of time and not to leave his job because he needed to file a worker's compensation claim. The claimant immediately sent a fax to the employer rescinding his resignation, which the employer received.

Over the following week, the claimant attempted to reach the operations manager, Jason Stibley, regarding his request to file a worker's compensation claim. Mr. Stibley was not able to meet with the claimant until May 15, 2014. At that meeting, Mr. Stibley intended to negotiate the terms of the claimant's separation and whether or not the employer would file a worker's compensation claim. The employer has the right to file a worker's compensation claim without permission of the employee, but Mr. Stibley did not do so in this situation. During the May 15 meeting, the claimant and Mr. Stibley had an argument about the terms of the claimant's separation, in which Mr. Stibley understood the claimant to say that he would not file a worker's compensation claim because it would prevent him returning to Africa. In fact, the claimant was asking to file a worker's compensation claim, but wanted to wait and file it after his return from Africa. The claimant and Mr. Stibley did not understand each other's requests during this argument. Mr. Stibley wanted the claimant to sign a release of claim agreeing that he would not file a worker's compensation claim and would no longer work for the employer. The claimant did not want to sign that document, but after approximately an hour of arguing, he felt that he could not longer debate the issue with Mr. Stibley and so signed the document. The document does not specify that the claimant is separating, but both parties understood that to be the end of his employment. The claimant believed that, based on Mr. Stibley's insistence that he sign this contract, he would not be allowed to leave the meeting if he did not sign the document and agree to separate. The claimant ultimately made the choice to quit and relinquish his worker's compensation claim because he felt that he needed to go to Africa to rescue his people.

**CONCLUSIONS OF LAW:** Colorado law provides that a claimant is entitled to unemployment insurance benefits from this employer if that claimant separates from employment through no fault of their own. Fault is not necessarily related to culpability, but only requires a volitional act or the exercise of some control or choice in the circumstances leading to the separation. *Richards v. Winter Park,* 919 P.2d 933 (Colo. App. 1996).

Some of the facts presented by the parties were in sharp conflict in this matter, requiring a credibility determination. This does not mean that the hearing officer did not consider all of the testimony, only that the hearing officer was required to resolve the conflicts of the evidence in the record. The resolution of conflicts in the evidence, and the determination of the credibility of witnesses are matters left to the hearing officer. *Halliburton Services v. Miller,* 720 P.2d 571 (Colo. 1986). This applies though the evidence presented by the parties is sharply conflicting. See *Goodwill Industries of Colorado Springs v. Industrial Claim Appeals Office,* 862 P.2d 1042 (Colo. App. 1993). "[A] hearing officer is not required to address specific evidence or testimony he or she does not find persuasive or make specific credibility determinations" (Citations omitted). *Tilley v. Industrial Claim Appeals Office of State of Colo.,* 924 P.2d 1173 (Colo. App. 1996).

It is the direct cause of a separation from employment that establishes entitlement to unemployment benefits. The parties may introduce different information as to why the separation occurred and there may be more than one cause of a separation from employment. The hearing officer determines the cause or causes of a separation based upon the evidence presented by the parties that the hearing officer finds most persuasive. See *Eckart v. Industrial Claim Appeals Office,* 775 P2d. 97 (Colo. App. 1989).

---



GABRIEL  ATSEPOYI                                    3                          SPEAR SECURITY INC
                                                                                              1498-2015

---

The hearing officer concludes that the claimant is not at fault for the separation.  Although the claimant originally agreed to quit in order to return to Africa to assist his people there, he immediately rescinded the resignation upon instructions to do so from his physician.  The employer received that notification, so the hearing officer is persuaded that as of May 8, 2014 the claimant was not intending to quit.  Instead, the claimant's separation came about when he and Mr. Stibley argued regarding the terms of his potential worker's compensation claim.  The two men misunderstood each other: the claimant was asking to file a worker's compensation claim after he returned from Africa, but Mr. Stibley mistakenly believed the claimant did not want to file a worker's compensation claim at all.  The claimant reasonably believed, based on Mr. Stibley's insistence that he sign a document relinquishing his worker's compensation rights and terminating his employment, that he had no alternative than to sign that document and separate if he wanted to return to Africa. The claimant was faced with an untenable choice between maintaining his job and going to Africa to rescue family who were experiencing a war.  Under similar circumstances, the hearing officer is persuaded that a reasonable claimant would make the same choice that this claimant did.  It is not reasonable and would lead to an absurd result to remain at a job and leave family members to experience a war when a claimant has the opportunity to rescue them.  The hearing officer is persuaded that the claimant's belief that he needed to sign the release of claims and separation document was reasonable, given Mr. Stibley's insistence that he do so and repeated attempts to negotiate the terms of the claimant's separation. Because the claimant quit because he needed to return to Africa to rescue his family in the face of the employer's evident insistence that he make a choice between that trip and filing a worker's compensation claim, he is entitled to an award of benefits.

The hearing officer has considered the totality of the circumstances involved in the claimant's separation and based on those circumstances determines that the claimant is entitled to an award of benefits.  The hearing officer has considered, and is not persuaded by, other factors that could yield a different result.

**DECISION:**  It is determined that the claimant is not at fault for the separation from this employment.  A full award of benefits is granted under Section 8-73-108 (4) C.R.S.

The hearing officer reverses the deputy's decision.

*Attention:  This decision is final unless you appeal it within 20 calendar days from the date this decision was mailed, as instructed below.*

**S.L. GIBSON, Hearing Officer**

SLG/srd-5

**IMPORTANT:** This document(s) contains important information about your unemployment compensation rights, responsibilities and/or benefits. It is critical that you understand the information in this document. If needed, call (303) 318-9299; 1-800-405-2338 for assistance in the translation and understanding of the information in the document(s) you have received.

---

AS-25 (R-1/08)                    *Notice of Appeal Rights Follows Decision*

GABRIEL   ATSEPOYI                                4                    SPEAR SECURITY INC
                                                                                        1498-2015

If this decision reverses a previous award of benefits, you may be liable to repay those benefits. If you have not continued to request payment on CUBLine Online or CUBLine, your claim has shut down. You must call the Customer Contact Center at 303-318-9000 or 1-800-388-5515 to reopen your claim.

¡IMPORTANTE! Este documento(s) contiene información importante sobre sus derechos, obligaciones y/o beneficios de compensación por desempleo. Es muy importante que usted entienda la información contenida en este documento. Si necesita asistencia para traducir y entender la información contenida en el documento(s) que recibió, llame al 303-318-9333; 1-866-422-0402.

### APPEAL RIGHTS

An interested party may appeal this decision. The appeal must be received by the Industrial Claim Appeals Office (ICAO) within 20 calendar days from the date the decision was mailed. If a timely appeal is filed, each interested party will receive an audio copy of the recorded hearing testimony at no cost. Parties requesting *a written transcript* for the appeal must submit payment for the approximate cost of the transcript or a completed waiver request form with the appeal. The approximate cost of the transcript of this hearing is $133.95. The waiver form is available at www.colorado.gov/cdle/icaoformsandpublications .

If you wish to request a new hearing *because you failed to participate in the hearing*, you may submit a written request for a new hearing. Your written request must be received by the ICAO within twenty (20) calendar days from the date this decision was mailed in order to be considered timely. Your request must explain in detail why you failed to participate.

Submit appeals and requests directly to the ICAO, PO Box 18291, Denver, Colorado 80218-0291. You may also e-mail or fax your appeal and/or new hearing request to the ICAO. Forms are available online at www.coloradoui.gov/appeals. Please choose only one method for filing. Industrial Claim Appeals Office Phone: (303) 318-8133, Fax: (303) 318-8139, e-mail: cdle_icao@state.co.us.

Mailed, postage prepaid, to the parties named herein on *March 3, 2015.*

CC:

AS-25 (R-1/08)                    ***Notice of Appeal Rights Follows Decision***



EEOC Form 161 (1/08)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

| To:  Gabriel B. Atsepoyi<br>1300 S. Willow Street 6-103<br>Denver, CO 80247 | From:  Denver Field Office<br>303 East 17th Avenue<br>Suite 410<br>Denver, CO 80203 |
|---|---|

☐ On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR § 1601.7(a))

| EEOC Charge No.<br><br>**541-2016-01897** | EEOC Representative<br>Holly Romero,<br>Supervisory Investigator | Telephone No.<br><br>(303) 866-1341 |
|---|---|---|

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans with Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☒ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge.

☐ The EEOC issues the following determination:  Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes.  This does not certify that the respondent is in compliance with the statutes.  No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge

☐ Other *(briefly state)*

**- NOTICE OF SUIT RIGHTS -**
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act**: This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS from your receipt of this Notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA)**: EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

**On behalf of the Commission**

*Holly Romero* for                                                  July 13, 2016

John C. Lowrie, Director                                    *(Date Mailed)*
Denver Field Office

Enclosure(s)

cc:        SPEAR SECURITY

I hereby certify that a copy of the foregoing pleading/document was mailed to _Speer Security Inc_ (defendant(s) or counsel for defendant(s)) at _2180 E. 165th Ave_ (address) on _7/14/16_, 20_16_.
_Denver Co 80229_

_____
Plaintiff's Original Signature

When you have completed the complaint and all of the necessary forms as described in these instructions, the completed complaint and forms should be mailed or hand delivered to the Clerk of the United States District Court whose name and address are:

Jeffrey P. Colwell, Clerk
Alfred A. Arraj United States Courthouse
901 19th Street, Room A105
Denver, CO   80294-3589

If you have any questions or seek additional information, please contact the office of the Clerk of the Court at 303/844-3433.   The court's business hours are from 8:00 a.m. to 5:00 p.m., Monday through Friday.

(Rev 8/24/15)                                      4